UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSAFFA LLC and MUSAFFA, INC.,

                    Plaintiffs,

       v.

MARUF YUSUPOV,

                  Defendant.

**VERIFIED ANSWER WITH COUNTERCLAIMS**

Case No.:  **1:23-cv-10464**

Defendant Maruf Yusupov (hereinafter, "Defendant"), by and through his attorneys, The Law Offices of Pullano & Farrow PLLC, as and for his Verified Answer to the Verified Complaint of plaintiffs Musaffa LLC and Musaffa, Inc. (hereinafter, collectively, "Plaintiffs"), responds to the allegations in the Verified Complaint (hereinafter, "Complaint") as follows:

1.     With respect to paragraph 1 of the Complaint, Defendant denies any and all wrongdoing, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

## PARTIES

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.     Defendant admits the allegations set forth in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

## (ALLEGED) FACTS COMMON TO ALL CAUSES OF ACTION

8.      With respect to paragraph 8 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relative to Musaffa LLC's operations and business, but denies the remaining allegations set forth therein.

9.      Defendant denies the allegations and all allegations of wrongdoing set forth in paragraph 9 of the Complaint.

10.      With respect to paragraph 10 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relative to Musaffa LLC's opinion, but denies the remaining allegations set forth therein.

11.      With respect to paragraph 11 of the Complaint, Defendant denies making any misrepresentations to Musaffa LLC and incorporates the following responses:

      a.      Defendant admits the allegations set forth in paragraph 11(a) of the Complaint.

      b.      Defendant denies the allegations set forth in paragraph 11(b) of the Complaint.

12.      Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13.      With respect to paragraph 13 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations relative to Musaffa LLC's intentions, but denies the remaining allegations set forth therein.

14.     Defendant denies the allegations set forth in paragraph 14 of the Complaint.

15.     Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22.     Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.     Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in paragraph 26 of the Complaint.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

1.     With respect to paragraph 1 of the First Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to paragraphs 1 through 26 as set forth above.

2.     Defendant denies the allegations set forth in paragraph 2 of the First Cause of Action in the Complaint.

3.     Defendant denies the allegations set forth in paragraph 3 of the First Cause of Action in the Complaint.

## SECOND CAUSE OF ACTION
**(Musaffa LLC against Yusupov for Fraudulent Misrepresentation)**

4.      With respect to paragraph 4 of the Second Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to the preceding paragraphs as set forth above.

5.      Defendant denies the allegations set forth in paragraph 5 of the Second Cause of Action in the Complaint.

6.      Defendant denies the allegations set forth in paragraph 6 of the Second Cause of Action in the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 7 of the Second Cause of Action in the Complaint.

8.      Defendant denies the allegations set forth in paragraph 8 of the Second Cause of Action in the Complaint.

## THIRD CAUSE OF ACTION
**(Musaffa LLC against Yusupov for Unjust Enrichment)**

9.      With respect to paragraph 9 of the Third Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to the preceding paragraphs as set forth above.

10.      Defendant denies the allegations set forth in paragraph 10 of the Third Cause of Action in the Complaint.

11.      Defendant denies the allegations set forth in paragraph 11 of the Third Cause of Action in the Complaint.

12.      Defendant denies the allegations set forth in paragraph 12 of the Third Cause of Action in the Complaint.

13.     Defendant denies the allegations set forth in paragraph 13 of the Third Cause of Action in the Complaint.

## FOURTH CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing, in the alternative)**

14.     With respect to paragraph 14 of the Fourth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to the preceding paragraphs as set forth above.

15.     With respect to paragraph 15 of the Fourth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant denies the allegations set forth therein.

16.     Defendant denies the allegations set forth in paragraph 16 of the Fourth Cause of Action in the Complaint.

17.     With respect to paragraph 17 of the Fourth Cause of Action in the Complaint, Defendant avers that it states a legal conclusion that does not require a response, but to the extent a response is required, Defendant admits the allegations set forth therein.

18.     Defendant denies the allegations set forth in paragraph 18 of the Fourth Cause of Action in the Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of the Fourth Cause of Action in the Complaint.

## FIFTH CAUSE OF ACTION
**(Recission, in the alternative)**

20.     With respect to paragraph 20 of the Fifth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to the preceding paragraphs as set forth above.

21.     With respect to paragraph 21 of the Fifth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant denies the allegations set forth therein.

22.     Defendant denies the allegations set forth in paragraph 22 of the Fifth Cause of Action in the Complaint.

23.     Defendant denies the allegations set forth in paragraph 23 of the Fifth Cause of Action in the Complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the Fifth Cause of Action in the Complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the Fifth Cause of Action in the Complaint.

**SIXTH CAUSE OF ACTION**
**(Breach of Contract, in the alternative)**

26.     With respect to paragraph 26 of the Sixth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant repeats and restates his responses to the preceding paragraphs as set forth above.

27.     With respect to paragraph 27 of the Sixth Cause of Action in the Complaint, Defendant avers that it does not require a response, but to the extent a response is required, Defendant denies the allegations set forth therein.

28.     Defendant denies the allegations set forth in paragraph 28 of the Sixth Cause of Action in the Complaint.

29.     Defendant denies the allegations set forth in paragraph 30 of the Sixth Cause of Action in the Complaint.

30.     Defendant denies the allegations set forth in "WHEREFORE" clause (including subparts) of the Complaint.

31.     Defendant denies any allegations not specifically addressed herein.

### FIRST AFFIRMATIVE DEFENSE

32.     The allegations contained in the Complaint, in whole or in part, fail to state a cause of action against Defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33.     Upon information and belief, the damages alleged in the Complaint were caused, in whole or in part, by the culpable conduct of others over whom Defendant neither had nor exercised any control.

### THIRD AFFIRMATIVE DEFENSE

34.     Some or all of Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches by reason of Plaintiffs' or their employee's or agent's own actions and course of conduct.

### FOURTH AFFIRMATIVE DEFENSE

35.     Plaintiffs are barred from relief due to their failure to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

36.     Plaintiffs' claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

37.     Plaintiffs have not suffered any injury, loss, or damage as a result of any of the alleged acts of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

38.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' acts or omissions, breaches of contract, or failure to properly perform their obligations under the service contract.

## RESERVATION OF RIGHTS

39.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as of yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## AS AND FOR A FIRST COUNTERCLAIM
### (Declaratory Relief)

40.     In or around April 2021 and May 2021, Dilshod Jumaniyazov, on behalf of, and with the full authority of AmanaTrade LLC (hereinafter, "AmanaTrade"), negotiated a certain service contract between AmanaTrade and Defendant.

41.     Pursuant to this contract, Defendant would provide marketing and other services to AmanaTrade in order to increase AmanaTrade's users and viewership.

42.     As compensation for Defendant's services, Jumaniyazov, on behalf of AmanaTrade, agreed AmanaTrade would issue shares in AmanaTrade to Defendant as follows:

   a.   Defendant would immediately receive an initial 5% share in AmanaTrade; and

   b.   An additional 5% share in AmanaTrade would be issued to Defendant at a rate of 1% for each 20,000 users that signed up on any of AmanaTrade's platform(s), up to a total specified goal of 100,000 users.

43.     In accordance with the service contract, on May 14, 2021, AmanaTrade issued shares equating to 5% of AmanaTrade to Defendant.

44.     Between May 2021 and September 15, 2022, Defendant provided the agreed-upon services to AmanaTrade.

45.     In the interim, on or about April 25, 2022, upon threat of being sued for trademark infringement, AmanaTrade transferred all of its assets and liabilities to Plaintiffs Musaffa, Inc. and/or Musaffa LLC, without consulting Defendant.

46.     Such changeover was in name only and the two companies (AmanaTrade and Plaintiffs) were one and the same.

47.     By virtue of the changeover, all liabilities of AmanaTrade were transferred to Plaintiffs and Plaintiffs became the successors in interest to AmanaTrade.

48.     As successors in interest, Plaintiffs became liable for AmanaTrade's service contract with Defendant.

49.     Following the transfer of AmanaTrade's liability to Plaintiffs, on or about December 31, 2022, Plaintiffs self-reported that they had achieved "80,000+ users" and "100,000+ App downloads."

50.     Pursuant to the service contract, upon reaching 100,000 users, Defendant was entitled to receive an additional 5% share in Plaintiffs.

51.     With the goal of reaching 100,000 users having been achieved, Defendant requested that shares equating to 10% of Musaffa LLC and/or Musaffa, Inc. be issued to him in accordance with the terms of the service contract (which includes the replacement of Defendant's 5% shares in AmanaTrade with 5% shares in Plaintiffs).

52.     Upon information and belief, the value of Musaffa LLC and/or Musaffa, Inc. is/are in excess of $30 million.

53.     Despite Defendant's multiple demands, Plaintiffs have failed and/or refused to issue the agreed-upon amount of shares in Musaffa LLC and/or Musaffa, Inc. to Defendant.

54.     Based on the foregoing, Defendant seeks judgment declaring that he is a member of Musaffa LLC and owns shares in Musaffa, Inc.

## AS AND FOR A SECOND COUNTERCLAIM
### (Breach of Contract)

55.     Defendant repeats and realleges the allegations set forth in paragraphs 40 through 54 as if set forth fully herein.

56.     As previously stated herein, in or around April 2021 and May 2021, AmanaTrade negotiated a certain service contract between itself and Defendant.

57.     Pursuant to this contract, Defendant would provide marketing and other services to AmanaTrade in order to increase AmanaTrade's users and viewership.

58.     As compensation for Defendant's services, Jumaniyazov, on behalf of AmanaTrade, agreed AmanaTrade would issue shares in AmanaTrade to Defendant as follows:

        c.  Defendant would immediately receive an initial 5% share in AmanaTrade; and

        d.  An additional 5% share in AmanaTrade would be issued to Defendant at a rate of 1% for each 20,000 users that signed up on any of AmanaTrade's platform(s), up to a total specified goal of 100,000 users.

59.     In accordance with the service contract, on May 14, 2021, AmanaTrade issued shares equating to 5% of AmanaTrade to Defendant.

60.     Between May 2021 and September 15, 2022, Defendant provided the agreed-upon services to AmanaTrade.

61.     Following the transfer of AmanaTrade's liability to Plaintiffs, on or about December 31, 2022, Plaintiffs self-reported that they had achieved "80,000+ users" and "100,000+ App downloads."

62.     Pursuant to the service contract, upon reaching 100,000 users, Defendant was entitled to receive an additional 5% share in Plaintiffs.

63.     Despite multiple demands, Plaintiffs have failed and/or refused to issue the agreed-upon amount of shares in Musaffa LLC and/or Musaffa, Inc. to Defendant.

64.     Defendant is entitled to receive 10% of the fair market value of Plaintiffs, which represents the compensation agreed upon in the services contract.

65.     Upon information and belief, the value of Musaffa LLC and/or Musaffa, Inc. is/are in excess of $30 million.

66.     Based on the foregoing, Defendant seeks a judgment against Plaintiffs in an amount to be determined at trial.

**AS AND FOR A THIRD COUNTERCLAIM**
**(Unjust Enrichment)**

67.     Defendant repeats and realleges the allegations set forth in paragraphs 40 through 66 as if set forth fully herein.

68.     Plaintiffs have been and continue to be unjustly enriched by virtue of the services to it provided by Defendant.

69.     In addition to increasing the number of users of Plaintiffs' platform, Defendant provided Plaintiffs with marketing services.

70.     Plaintiffs have failed and/or refused to compensate Defendant for his services.

71.     By reason of the acts of Plaintiffs, as aforesaid, and without any wrongdoing Defendant, Plaintiffs have been unjustly enriched to Defendant's detriment.

72.     It would be inequitable for Plaintiffs to retain the shares that were promised to Defendant.

73.     Based on the foregoing, Plaintiffs have been unjustly enriched to the detriment of Defendant in an amount to be determined at trial.

## AS AND FOR A FOURTH COUNTERCLAIM
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

74.     Defendant repeats and realleges the allegations set forth in paragraphs 40 through 73 as if set forth fully herein.

75.     In every contract in New York, there is an obligation of good faith and fair dealing between the parties in a contract.

76.     Plaintiffs have breached their obligation by, among other things, failing to compensate Defendant in the amount specified in the services contract.

77.     Plaintiffs have misled and misrepresented that Defendant would receive 10% shares in Plaintiffs upon attaining 100,000 users of the AmanaTrade platform(s).

78.     Plaintiffs agreed to make payments as agreed and have failed to do so.

79.     Based on the foregoing, Defendant has suffered damages in an amount to be determined at trial.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury of the claims raised herein for which Defendant has a right to a trial by jury.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment as follows:

(a)     Dismissing the Complaint in its entirety with prejudice;

(b)     On his first counterclaim, an order declaring that Defendant is a member of Musaffa LLC and owns shares in Musaffa, Inc.;

(c)     On his second counterclaim, judgment in favor of Defendant as against Plaintiffs in an amount to be determined at trial, plus costs and disbursements;

(d)     On his third counterclaim, judgment in favor of Defendant as against Plaintiffs in an amount to be determined at trial, plus costs and disbursements;

(e)     On his fourth counterclaim, judgment in favor of Defendant as against Plaintiffs in an amount to be determined at trial, plus costs and disbursements; and

(f)     Such other and further relief as this Court deems just and proper.

Dated: December 7, 2023
        Rochester, New York                    **PULLANO & FARROW**


                                        By:  /s/ Mallory K. Smith
                                             Mallory K. Smith, Esq.
                                             ***Attorneys for Defendant***
                                             401 Main Street
                                             East Rochester, New York 14445
                                             Phone: (585)730-4773
                                             msmith@lawpf.com

TO:     MAVRONICOLAS LAW GROUP PLLC
        Peter C. Dee, Esq.
        ***Attorneys for Plaintiffs***
        1430 Broadway, Suite 1508
        New York, New York 10018
        pdee@mavrolaw.com

## VERIFICATION

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF MONROE    )

        MALLORY K. SMITH, being duly sworn, states that she is an attorney duly admitted to practice law in the State of New York and an employee of the Law Offices of Pullano & Farrow PLLC, attorneys for Defendant in the within action; that the foregoing Verified Answer with Counterclaims is true to her own knowledge, except as to those matters herein stated to be alleged upon information and belief, and as to those matters, she believes them to be true; that the grounds of her belief as to all matters not stated upon her knowledge are from conversations with Defendant and/or documents furnished to her by Defendant.   The undersigned further states that this verification is made by the undersigned and not by Defendant because Defendant is not in the county where the affiant has her office.

                                                MALLORY K. SMITH, ESQ.

Sworn to before me this
7th day of December, 2023.

Notary Public

DORENE M. PETERS
Notary Public, State of New York
Monroe County,  No. 01PE4604220
Commission Expires Feb. 28, 2027